UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ROBERT ANTHONY WHITEAKER,**

**Plaintiff,**

**v.** **Case No. 26-C-1492**

**JUSTIN GRONES, BRADY L. GOEKS,**
**and LANGLADE COUNTY,**

**Defendants.**

---

## ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*

---

Plaintiff Robert Anthony Whiteaker, serving as his own lawyer, seeks to proceed *in forma pauperis* and thereby avoid paying the $405 filing fee, in his action against Defendants Justin Grones, Brady L. Goeks, and Langlade County, Wisconsin. Plaintiff alleges Defendants violated his rights under the Fourth and Fourteenth Amendments. Dkt. No. 1.

An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). But the decision to waive a plaintiff's filing fee should not be taken lightly. Filing fees are recoverable as costs if a plaintiff prevails. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920. Requiring payment as a condition of bringing a lawsuit, however, serves important purposes. Not only do they defer part of the court's administrative costs in processing a complaint, but they also serve to deter frivolous lawsuits to the detriment of the court's goal of fairly dispensing justice:

> The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests. Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions.

*In re Sindram*, 498 U.S. 177, 179–80 (1991); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("Congress recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

Frivolous lawsuits also impose substantial costs on the named defendants. Retaining counsel to represent oneself in even a frivolous lawsuit often costs thousands of dollars. And while individuals named as defendants can legally represent themselves (though few would willingly risk doing so), business entities that incorporate or form limited liability companies (LLCs) cannot. *Scandia Down Corp. v. Euroquilt, Inc.*, 772 F.2d 1423, 1427 (7th Cir. 1985) ("A 'corporation' is an abstraction, and abstractions cannot appear pro se."). Before forcing named defendants to incur the substantial expense of retaining an attorney, it is not unreasonable to insist a plaintiff bringing the lawsuit have some "skin in the game." *Hartman v. Hollis*, No. CV422-094, 2022 WL 1164646, at *1 (S.D. Ga. April 19, 2022) ("Wary of indigency claims where information appears to have been omitted, and cognizant of how easily one may consume a public resource with no financial skin in the game, this Court demands supplemental information from dubious IFP movants."). Thus, a plaintiff seeking to proceed *in forma pauperis* is required to file an affidavit showing he or she is indigent.

Upon review of the affidavit Plaintiff filed here, it appears that he is not indigent. He reports his current income from social security as $1086.16 per month. Under "expenses," Plaintiff indicated that he has $400.00 of unspecified monthly household expenses, $40.00 of monthly

insurance expenses, and $100.00 of monthly fuel expenses, totaling $540.00. *Id.* The affidavit contains no further details concerning the remainder of Plaintiff's income, aside from the $35.00 Plaintiff reports as the sum of his checking, savings, and similar accounts. By Plaintiff's own account, he has approximately $460.00 in monthly disposable income. This is more than the filing fee he would be required to pay upon denial of his motion. In sum, the Court has insufficient information to conclude that Plaintiff is indigent. Rather, the motion indicates a probable ability to pay the full filing fee from his current monthly income. Consequently, Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED**.

If Plaintiff submits additional documents setting out full information regarding additional expenses, the Court may reconsider granting the motion. Absent additional details justifying his request, Plaintiff shall pay the filing fee within 21 days of the date of this order or his case will be dismissed without prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 2nd day of September, 2026.

William C. Griesbach
United States District Judge